UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CRISSY M. HALL
Plaintiff,

VS. C.A. NO: 04 438L

JD BYRIDER-CRANSTON, INC.
Defendant.

**DEFENDANT'S MOTION FOR JOINDER**
**OF VENTURCAP FINANCIAL GROUP, LLC AS A PARTY DEFENDANT**

Defendant, JD Byrider-Cranston, Inc. ("JD Byrider"), pursuant to Rules 19 and 20 of the Federal Rules of Civil Procedure, hereby moves this Honorable Court to allow the Joinder of Venturcap Financial Group, LLC ("Venturcap") as a party defendant in this action.

As grounds for this Motion, JD Byrider states that:

1. This action was stayed by this Court pending the arbitration of this matter pursuant to the arbitration provisions of the Retail Installment Contract and Security Agreement (the "contract") entered into by the parties on October 8, 2003.

2. Venturcap is the assignee of the contract and Venturcap was joined as a Respondent/ Claimant-in-Counterclaim in the Arbitration of this dispute.

3. The Arbitration Hearing was held on November 17, 2005 and the arbitrator issued a written award on December 12, 2005.

4. As is apparent from the attached Petition to Confirm Arbitration Award, in Venturcap's absence complete relief cannot be accorded among those already parties. A copy of the Petition to Confirm Arbitration Award is attached as Exhibit 1, and incorporated by reference herein.

5. There are no issues remaining to be litigated. JD Byrider seeks the joinder of Venturcap so that this Court can afford complete relief among the parties in its Order confirming the arbitration award and Final Judgment.

6. Venturcap's joinder will not unduly delay or prejudice the adjudication of the rights of the original parties.

7. Allowing Venturcap to be joined would avoid duplication of costs for all parties and foster judicial economy as it would avoid the necessity of filing a new civil action in order to file a second petition to confirm the arbitration award on behalf of Venturcap.

WHEREFORE, Defendant, JD Byrider-Cranston, Inc., respectfully requests that this Court allow Venturcap Group, LLC to be joined as a party defendant in the within action.

Respectfully submitted,
Defendant,
JD Byrider-Cranston Inc.,
By its attorneys,

Dean J. Wagner, Esq. #5426
Shechtman Halperin Savage LLP
1080 Main Street
Pawtucket, Rhode Island 02860
Tel. (401) 272-1400
Fax (401) 272-1403

**CERTIFICATE OF SERVICE**

***I HEREBY CERTIFY***, that a true and correct copy of the foregoing Motion for Joinder was furnished via facsimile and via U.S. Mail, postage pre-paid this 19th day of December, 2005 to the following:

John T. Longo, Esq.
681 Smith Street
Providence, RI 02908

Dean J. Wagner, Esquire

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CRISSY M. HALL<br>Plaintiff,<br><br>VS.<br><br>JD BYRIDER-CRANSTON, INC.<br>Defendant. | C.A. NO: 04 438L |

**PETITION TO CONFIRM ARBITRATION AWARD**

Defendant, JD Byrider-Cranston, Inc. ("JD Byrider") petitions this Honorable Court, pursuant to 9 USCA §§9 and 13, for an Order confirming the award of the arbitrator in the matter of the arbitration between Crissy Hall, Claimant, and JD Byrider and Venturcap Financial Group, LLC, Respondents and Claimants-in-Counterclaim, (AAA No. 11 188 E 01390 05), issued on December 12, 2005, and directing that Judgment be entered accordingly. This petition is made on the following grounds:

1. Defendant, JD Byrider-Cranston Inc. ("JD Byrider") is a corporation with its principal offices located at 615 Reservoir Avenue, Cranston, Rhode Island. JD Byrider was a Respondent and Claimant-in-Counterclaim in the arbitration of this matter.
2. Venturcap Financial Group, LLC ("Venturcap") is a related limited liability company with its principal offices located at 615 Reservoir Avenue, Cranston, Rhode Island. Venturcap was also a Respondent and Claimant-in-Counterclaim in the arbitration of this matter.
3. Plaintiff, Crissy M. Hall ("Hall") is an individual, upon information and belief, residing at 2243 West Main Road, Portsmouth, Rhode Island. Hall was the Claimant in the arbitration of this matter.

4. On October 8, 2003, Hall entered into a Retail Installment Contract and Security Agreement (the "contract") with JD Byrider pursuant to which Hall purchased a 1998 Ford Taurus ("the vehicle"). A copy of the contract is attached as Exhibit A, and incorporated by reference herein.

5. On the same day, October 8, 2003, the contract was assigned to Venturcap Financial Group LLC ("Venturcap") to service and administer the contract.

6. The contract contained a mandatory arbitration provision that provided that "the vehicle purchase involves interstate commerce and that this provision is governed by the Federal Arbitration Act, 9 U.S.C. sections 1-16, as amended ("FAA")." Furthermore, the arbitration provision required that any dispute arising from the contract be submitted to binding arbitration in accordance with the rules of the American Arbitration Association.

7. In October of 2004, Hall stopped making the payments required by the contract.

8. On or about October 8, 2004, Hall filed the instant civil action in the United States District Court for the District of Rhode Island against JD Byrider claiming violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., relating to the purchase of the vehicle.

9. On December 14, 2004, JD Byrider, through counsel, filed a Motion to Dismiss or, in the Alternative, Motion to Compel Arbitration and Stay Litigation Pending Arbitration.

10. On February 5, 2005, after hearing thereon, this Court, Senior Judge Ronald R. Lagueux presiding, granted JD Byrider's Motion to Compel Arbitration and Stay Litigation Pending Arbitration. A copy of the order is attached as Exhibit B, and incorporated by reference herein.

11. In addition, on or about December 13, 2004, Hall caused a second civil action to be filed in the Federal District Court for the District of Rhode Island (C.A. No: 04-525) against

three defendants: (1) Venturcap, JD Byrider's related finance company which serviced the contract as an assignee, (2) Lapierre, the repossession company that attempted to repossess the vehicle; and (3) Jane Doe, an employee of Lapierre, alleging violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

12. Hall's FDCPA lawsuit involved the same vehicle that was the subject matter of the initial TILA lawsuit. After Venturcap filed motions to dismiss and before hearing thereon, Hall voluntarily dismissed the FDCPA action with prejudice. A copy of the Dismissal Stipulation dated February 17, 2005 is attached as Exhibit C, and incorporated by reference herein.

13. On or about June 16, 2005, Hall, through counsel, filed a demand for arbitration with the American Arbitration Association, in accordance with this Court's order staying litigation pending arbitration. The demand included allegations beyond the scope of the initial TILA complaint including allegations of fraud, misrepresentation, breach of warranties in violation of UCC provisions, violations of Rhode Island laws and regulations regulating car dealers, and violations of the federal Magnuson-Moss Warranty Act.

14. On or about August 12, 2005, Attorney Steven B. Boris was appointed as the arbitrator pursuant to the applicable rules of the American Arbitration Association.

15. In light of the expanded scope of the arbitration and in the interest of resolving *all* disputes between the parties in one forum, and to avoid duplication of costs etc., JD Byrider moved the arbitrator to allow the joinder or intervention of Venturcap on or about June 30, 2005. Hall had no objection to the joinder or intervention of Venturcap and the arbitrator granted the motion at a telephonic hearing on or about September 7, 2005.

Copies of the motion and confirmation of the parties' agreement are attached as Exhibit D, and incorporated by reference herein.

16. To the extent that there is any issue as to whether Respondent, Claimant-in-Counterclaim, Venturcap, is properly before this Court, Defendant, JD Byrider, has filed, simultaneously with the within Petition, a Motion for the Joinder of Venturcap as an additional party defendant in this action. In view of the arbitrator's decision allowing the joinder/intervention of Venturcap in the arbitration, Hall's agreement to the joinder, the need to afford complete relief among the parties, and to avoid unnecessary and duplicative costs, this Court should likewise grant the JD Byrider's Motion for the Joinder of Venturcap.

17. In response to Hall's arbitration demand, JD Byrider and Venturcap filed an answer denying all claims, and filed counterclaims seeking damages on book account and for breach of contract, malicious use of process and abuse of process.

18. On November 17, 2005, the Arbitration Hearing was held by the arbitrator. Plaintiff and Defendant attended the hearing, were represented by counsel, and presented witnesses and evidence in support of their respective positions. The hearing was conducted in accordance with the rules of the American Arbitration Association.

19. On December 12, 2005, the arbitrator issued a written award, and after duly acknowledging it, delivered it to Plaintiff and Defendant. The arbitrator denied all of Hall's claims and requests for relief, and awarded JD Byrider and Venturcap the sum of Seven Thousand Five Hundred Eleven Dollars and Sixty-Three Cents ($7,511.63) plus interest at the contract rate going forward on their book account and contract counterclaims. In addition, the arbitrator ruled that the compensation and expenses of the arbitrator totaling $775.00 shall be borne as follows: 48% by Hall, 52% by JD Byrider.

As JD Byrider has already paid the entire amount, Hall owes JD Byrider the additional amount of Three Hundred Seventy Two Dollars ($372.00). A copy of the award is attached as Exhibit E, and incorporated by reference herein.

20. Defendant, JD Byrider is now entitled under 9 USCA §§9 and 13, to an Order confirming the arbitration award and Final Judgment on its counterclaims.

WHEREFORE, Defendant, JD Byrider-Cranston Inc. requests an Order and entry of Judgment:

1. Confirming the award of the arbitrator made on December 12, 2005 in the above-entitled proceedings;
2. Directing the entry of Judgment in favor of the Defendant and against the Plaintiff, that Plaintiff take nothing, that the action be dismissed on the merits, and the Defendant, JD Byrider-Cranston, Inc. recover of the Plaintiff the sum of Seven Thousand Five Hundred Eleven Dollars and Sixty-Three Cents ($7,511.63), plus interest at the contract rate of 17.95% from December 12, 2005; and the Defendant recover of the Plaintiff an additional sum of Three Hundred Seventy Two Dollars ($372.00), with legal interest from December 12, 2005; and
3. Granting Defendant such other and further relief as the Court considers just and proper.

Respectfully submitted,
Defendant,
JD Byrider-Cranston Inc.,
By its attorneys,

Dean J. Wagner, Esq. #5426
Shechtman Halperin Savage LLP
1080 Main Street
Pawtucket, Rhode Island 02860
Tel. (401) 272-1400
Fax (401) 272-1403 (facsimile)

**CERTIFICATE OF SERVICE**

The undersigned does hereby certifies that on this 19th day of December, 2005, he caused a true and accurate copy of the within Petition to Confirm Arbitration Award, with attached Exhibits, to be served via first class mail, postage prepaid, upon the following counsel of record:

John T. Longo, Esq.
681 Smith Street
Providence, RI 02908

Dean J. Wagner, Esquire