| **RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT** | Seller | Buyer |
|---|---|---|
| No. CR3831<br>Date 10/08/03 | JD Byrider - Cranston<br>615 Reservoir Ave<br>Cranston RI 02910<br>"We" and "us" mean the Seller above, its successors and assigns. | MISSI M HALL<br>2243 WEST MAIN RD<br>PORTSMOUTH, RI 02871<br>"You" and "your" mean each Buyer above, and guarantor, jointly and individually. |

## NONNEGOTIABLE CONSUMER NOTE

**SALE:** You agree to purchase from us, on a time basis, subject to the terms and conditions of this contract and security agreement (Contract), th Motor Vehicle (Vehicle) and services described below. The Vehicle is sold in its present condition, together with the usual accessories and attachments.

Description of Motor Vehicle Purchased — Year 98; Make FORD; Model TAURUS; VIN 1FAFP52U7WA224054; Lic. No./Year; ☐ New ☐ Used; Other:

**Both Buyer and Seller have examined the Title Certificate of this Motor Vehicle and it correctly reflects the mileage as it appears on the Odometer.**

Description of Trade-In

**SECURITY:** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, a accessions, attachments, accessories, and equipment placed in or on the Vehicle, together called Property, and proceeds of the Property You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased wit this Contract.

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the principal amount of $ 8294.15, plus financ charges accruing on the unpaid balance at the rate of 17.95 % per year from today's date until maturity. Finance charges accrue on day by day basis. After maturity, or after you default and we demand payment, we will earn finance charges on the unpai balance at N/A % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown i the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract

☐ **RETURNED CHECK CHARGE:** If you make any payment required by this Contract with a check or negotiable instrument that i returned or dishonored, you agree to pay a fee of $ $20.00.

☐ **MINIMUM FINANCE CHARGE:** You agree to pay a minimum finance charge of $ N/A if you pay this Contract i full before we have earned that much in finance charges.

**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value describe in the ITEMIZATION OF AMOUNT FINANCED. ☐ You agree to make deferred payments as part of the cash down payment as reflected i your Payment Schedule.

## TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | AMOUNT FINANCED<br>The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS<br>The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE<br>The total cost of your purchase on credit, including your down payment of $ 600.00 |
|---|---|---|---|---|
| 17.95 % | $ 2582.17 | $ 8294.15 | $ 11476.32 | $ 11476.32 |

**Payment Schedule:** Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 78 | 139.44 | 3 irregular deferred downpayments of $200.00 on 10/17/03, $250.00 on 10/31/03, $150.00 on 11/15/03<br>BI-WEEKLY BEGINNING 11/14/03 |

**Security:** You are giving a security interest in the Motor Vehicle purchased.

☐ **Late Charge:** If a payment is more than N/A days late, you will be charged N/A

**Prepayment:** If you pay off this Contract early, you agree to pay a Minimum Finance Charge of $ ____ if you pay this Contract in full before we have earned that much in finance charges.

**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

**CREDIT INSURANCE:** Credit life, credit disability (accident and health), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

**Credit Life:** Insured N/A N/A
☐ Single ☐ Joint Prem. $ N/A Term N/A

**Credit Disability:** Insured N/A N/A
☐ Single ☐ Joint Prem. $ N/A Term N/A

## ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| Vehicle Price (incl. sales tax of $ 510.65) | | $ 7805.65 |
| Optional Service Contract Paid to: Seller * | | $ 995.00 |
| **Cash Price** | | $ 8800.65 |
| Manufacturer's Rebate | $ N/A | |
| Cash Down Payment | $ 0.00 | |
| Deferred Down Payment | $ 600.00 | |
| a. Total Cash/Rebate Down | | $ 600.00 |
| b. Trade-In Allowance | $ 0.00 | |
| c. Less: Amount owing | $ 0.00 | |
| Paid to (includes f.): | | |
| d. Net Trade-In (b. minus c.) | | $ 0.00 |

**PROPERTY INSURANCE:** You must insure the Property securing this Contract. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ N/A. If you get insurance from or through us you will pay $ N/A for N/A of coverage.

This premium is calculated as follows:

☐ $ N/A Deductible, Collision Coverage $ N/A
☐ $ N/A Deductible, Comprehensive Cov. $ N/A
☐ Fire-Theft and Combined Additional Coverage $ N/A
☐ N/A $ N/A

**It is understood that insurance coverage which would protect the Buyer under the Rhode Island Motor Vehicle Safety Responsibility Act is not included in the purchase of the herein described motor vehicle.**

The Buyer has received a copy of this statement.

X Crissy M. Hall
Signed Buyer Signed Buyer

Signed Seller

XX ☐ **OPTIONAL SERVICE CONTRACT:** With your purchase of the Vehicle, you have elected to purchase a Service Contract to cover Powertrain

This Service Contract is not required to obtain credit. This Service Contract will be in effect for 18months/ 12000miles

**ASSIGNMENT:** This Contract and Security Agreement is assigned to Venturcap Financial Group, LLC dba CNAC, the Assignee, phone 401-467-5100. This assignment is made ☐ under the terms of a separate agreement. ☐ under the terms of the ASSIGNMENT BY SELLER on page 2. ☐ This assignment is made with recourse.

Seller: By ______ Date 10/8/03

Insurance Premi... $
Additional Finan... harge(s), Paid to Seller $
To: Seller -- Document Fee $ 20.00
To: $
To: $
To: $
**Total Other Charges/Amounts Pd. to Others** $ 93.50
**Less: Prepaid Finance Charges** $
**Amount Financed** $ 8294.15

*We may retain or receive a portion of this amount.

## NOTICE TO BUYER

**(1) Do not sign this agreement before you read it or if it contains any blank spaces. (2) You are entitled to a completely filled-in copy of this agreement. (3) Under the law, you have the right to pay off in advance the full amount due and under certain conditions to obtain a partial refund of the finance charge.**

**BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1 AND 2 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF A COPY OF THIS CONTRACT.**

Buyer: x Crissy M. Hall 10/8/0
Signature Date

Signature Date

Seller: By

# ADDITIONAL TERMS OF THIS CONTRACT AND SECURITY AGREEMENT

**GENERAL TERMS:** You have been given the opportunity to purchase the Vehicle and described services for the Cash Price or the Total Sale Price. The Total Sale Price is the total price of the Vehicle and any services if you buy them over time. You agreed to purchase the items over time. The Total Sale Price shown in the TRUTH IN LENDING DISCLOSURES assumes that all payments will be made as scheduled. The actual amount you will pay may be more or less depending on your payment record.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee, that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that is contrary to this provision, we will, instead, apply it first to reduce the principal balance, and when the principal has been paid in full, refund it to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You hereby authorize us to correct any clerical errors or omissions made in completing this form and other documents related to this transaction.

**BALLOON PAYMENT:** If any payment is more than twice as large as the average of all other regularly scheduled payments, you may refinance that payment when due. You may do so on terms as favorable as the terms originally agreed to in this Contract. This right does not apply if your payment schedule is adjusted for seasonal or irregular income, or we do not offer similar credit at that time.

**PREPAYMENT:** You may prepay this Contract in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments until you pay in full. You agree to pay the Minimum Finance Charge shown on the front of this Contract if you prepay this Contract in full.

A refund of any prepaid, unearned insurance premiums may be obtained from us or from the insurance company named in your policy or certificate of insurance.

**OWNERSHIP AND DUTIES TOWARD PROPERTY:** By giving us a security interest in the Property, you represent and agree to the following:

A. Our security interest will not extend to consumer goods unless you acquire rights to them within 10 days after we enter into this Contract, or they are installed in or affixed to the Vehicle.

B. You will defend our interests in the Property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Property ahead of the claim of anyone else.

C. The security interest you are giving us in the Property comes ahead of the claim of any other of your general or secured creditors. You agree to sign any additional documents or provide us with any additional information we may require to keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.

D. You will keep the Property in your possession in good condition and repair. You will use the Property for its intended and lawful purposes. Unless otherwise agreed in writing, the Property will be located at your address listed on page 1 of this Contract. You agree to provide us with written notice at least 30 days prior to relocating to a different state than the one shown on page 1 of this Contract.

E. You will not attempt to sell the Property (unless it is properly identified inventory) or otherwise transfer any rights in the Property to anyone else, without our prior written consent.

F. You will pay all taxes and assessments on the Property as they become due.

G. You will notify us within 24 hours of any loss or damage to the Property. You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**DEFAULT:** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

A. You fail to make any payment under this Contract when due.

B. You fail to do anything else you have agreed to do in this Contract.

C. Any statement or representation you made in your credit application is untrue or incorrect.

D. You fail to provide us with proof of employment, residence, insurance or repair to credit history within 3 business days after our written request for this information.

E. You die, become incompetent, generally fail to pay your debts as they become due, or become the subject of a voluntary or involuntary bankruptcy proceeding.

F. Any judgment, levy, attachment, writ of garnishment or other similar order is entered against you or the Property.

G. Any police or governmental agency seizes or impounds the Vehicle or starts forfeiture proceedings against the Property.

expenses and then toward your obligations.

E. Except when prohibited by law, you are responsible for any deficiency if the proceeds from the sale of the Property do not cover what you owe us, and we may sue you for those amounts.

By choosing any one or more of these remedies, we do not waive our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above.

**INSURANCE:** You agree to buy property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the PROPERTY INSURANCE section, or as we will otherwise require. You will name us as loss payee on any such policy. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as a loss payee, we may obtain insurance to protect our interest in the Property. This insurance may include coverages not required of you. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.

**OBLIGATIONS INDEPENDENT:** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

A. You must pay this Contract even if someone else has also signed it.

B. We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.

C. We may release any security and you will still be obligated to pay this Contract.

D. If we give up any of our rights, it will not affect your duty to pay this Contract.

E. If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**WARRANTY:** Warranty information is provided to you separately.

**FOR USED VEHICLES ONLY:** If you return the vehicle for a refund under the terms of an <u>Express Warranty</u> and we do not return your trade-in vehicle to you, we will refund the value of the trade-in vehicle to you. The amount of the refund value will be determined by reference to the National Auto Dealers' Association Used Car Guide, or any other similar guide as approved by the Registrar of Motor Vehicles. The refund value will be adjusted for mileage, improvements to the vehicle and any major physical or mechanical defects. The refund value <u>may not</u> be the same as the trade-in value listed on the sales contract.

**WAIVER: To the extent permitted by law, you agree to give up your rights to require us to do certain things. We are not required to: (1) demand payment of amounts due; (2) give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time or manner; or, (3) give notice that we intend to make, or are making, this Contract immediately due.**

**LIQUIDATED DAMAGES:** If we allow you to return the Property and cancel your obligations under the Contract, you agree that we will incur damages in an amount that is difficult for you and us to predict as of the Contract date. Unless prohibited by applicable law, you agree that we, if we allow you to return the Property and cancel your Contract obligations, may retain as damages any property and money that you used as a down payment.

**THIRD PARTY AGREEMENT**

A. We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges. These amounts will earn finance charges from the date you are required to pay us at the rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.

B. We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. Any amount we pay will be added to the amount you owe us and will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.

C. We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.

D. We may immediately immobilize, disable or take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises. We may then sell the Property and apply what we receive as provided by law to our actual and reasonable

may take these st[illegible] without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

Signature ______________________ Date

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**IF YOU ARE BUYING A USED VEHICLE, THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

**ARBITRATION OF DISPUTES:** With the exceptions described below, and to the extent permitted by applicable law, the Buyer, Seller and all assignees (the "Parties") agree to submit all dispute(s) of any kind between them that arise out of, result from, or are in any way connected with the purchase and sale or financing of the Property, for resolution by binding arbitration. For example, this applies to disputes brought under state or federal consumer protection and lending laws, disputes regarding this Contract and tort claims. Arbitration will be according to the arbitration rules of the American Arbitration Association but may be administered by an arbitration organization other than the American Arbitration Association. No Party will have the right to go to court or to have a jury trial, or to participate as a representative or member of a class of claimants with regard to any such dispute. Other rights that the Parties would have if they went to court also may not be available in arbitration.

THE PARTIES AGREE THAT THE ONLY DISPUTES AND CLAIMS NOT SUBJECT TO THIS PROVISION ARE: 1) DISPUTES IN WHICH THE TOTAL AMOUNT SOUGHT TO BE RECOVERED BY THE CLAIMANT OR CLAIMANTS (INCLUDING ATTORNEYS' FEES AND EXPENSES) IS LESS THAN $10,000; 2) CLAIMS RELATING TO REPOSSESSION OR REPLEVIN OF THE PROPERTY; AND 3) CLAIMS AND DISPUTES UNDER THE J.D. BYRIDER LIMITED WARRANTY (IF BUYER RECEIVED SUCH A WARRANTY).

At your request, we will advance the first $500.00 of the filing and hearing fees for any claim which you may have against us. No class action arbitration may be ordered under this provision, and there shall be no joinder of parties. To the extent permitted by law, the arbitrator(s) shall have no authority to award punitive damages in any dispute. Judgment upon any arbitrator's award may be entered by any court having competent jurisdiction.

The Parties agree that the Vehicle purchase involves interstate commerce and that this provision is governed by the Federal Arbitration Act, 9 U.S.C. sections 1-16, as amended ("FAA"). The arbitrators shall apply substantive law and applicable statutes of limitation consistent with the FAA and shall honor claim of privilege recognized at law.

If a court or agency of competent jurisdiction determines that any term or provision contained in this section is illegal, invalid or unenforceable, such illegality, invalidity or unenforceability shall not affect the other terms and provisions of this section and the remainder of the section shall continue in full force and effect.

FOR ALL DISPUTES COVERED BY THIS PROVISION, THE PARTIES HAVE AGREED TO WAIVE THEIR RIGHT TO A TRIAL BY JUDGE OR JURY. EXCEPT FOR DISPUTES AND CLAIMS NOT SUBJECT TO THIS ARBITRATION PROVISION, ARBITRATION SHALL BE IN LIEU OF ANY CIVIL LITIGATION IN ANY COURT AND IN LIEU OF ANY TRIAL BY JUDGE OR JURY.

*THE TERMS OF THIS PROVISION AFFECT YOUR LEGAL RIGHTS. IF YOU DO NOT UNDERSTAND ANY TERMS OF THIS PROVISION OR THE COSTS, ADVANTAGES OR DISADVANTAGES OF ARBITRATION, SEEK INDEPENDENT ADVICE AND/OR CONTACT THE AMERICAN ARBITRATION ASSOCIATION AT 404/325-0101 BEFORE SIGNING THIS CONTRACT. BY SIGNING THIS CONTRACT YOU ACKNOWLEDGE THAT YOU HAVE READ, UNDERSTAND AND AGREE TO BE BOUND BY EACH OF THE PROVISIONS, COVENANTS, STIPULATIONS AND AGREEMENTS SET FORTH ABOVE.*

## ASSIGNMENT BY SELLER

Seller sells and assigns this Retail Installment Contract and Security Agreement, (Contract), to the Assignee, its successors and assigns, including all its rights, title and interest in this Contract, and any guarantee executed in connection with this Contract. Seller gives Assignee full power, either in its own name or in Seller's name, to take all legal or other actions which Seller could have taken under this Contract. (SEPARATE AGREEMENT: If this Assignment is made "under the terms of a separate agreement" as indicated on page 1, the terms of this assignment are described in a separate writing(s) and not as provided below.)

Seller warrants:

A. This Contract represents a sale by Seller to Buyer on a time price basis and not on a cash basis.
B. The statements contained in this Contract are true and correct.
C. The down payment was made by the Buyer in the manner stated on page 1 of this Contract and, except for the application of any manufacturer's rebate, no part of the down payment was loaned or paid to the Buyer by Seller or Seller's representatives.
D. This sale was completed in accordance with all applicable federal and state laws and regulations.
E. This Contract is valid and enforceable in accordance with its terms.
F. The names and signatures on this Contract are not forged, fictitious or assumed, and are true and correct.
G. This Contract is vested in the Seller free of all liens, is not subject to any claims or defenses of the Buyer, and may be sold or assigned by the Seller.
H. A completely filled-in copy of this Contract was delivered to the Buyer at the time of execution.
I. The Vehicle has been delivered to the Buyer in good condition and has been accepted by Buyer.
J. Seller has or will perfect a security interest in the Property in favor of the Assignee.

If any of these warranties is breached or untrue, Seller will, upon Assignee's demand, purchase this Contract from Assignee. The purchase shall be in cash in the amount of the unpaid balance (including finance charges) plus the costs and expenses of Assignee, including attorneys' fees.

Seller will indemnify Assignee for any loss sustained by it because of judicial set-off or as the result of a recovery made against Assignee as a result of a claim or defense Buyer has against Seller.

Seller waives notice of the acceptance of this Assignment, notice of non-payment or non-performance and notice of any other remedies available to Assignee.

Assignee may, without notice to Seller, and without affecting the liability of Seller under this Assignment, compound or release any rights against, and grant extensions of time for payment to be made, to Buyer and any other person obligated under this Contract.

UNLESS OTHERWISE INDICATED ON PAGE 1, THIS ASSIGNMENT IS WITHOUT RECOURSE.

WITH RECOURSE: If this Assignment is made "with recourse" as indicated on page 1, Assignee takes this Assignment with certain rights of recourse against Seller. Seller agrees that if the Buyer defaults on any obligation of payment or performance under this Contract, Seller will, upon demand, repurchase this Contract for the amount of the unpaid balance, including finance charges, due at that time.

[illegible]™ © 1995 [illegible]